UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA YBARRA, an individual; MINOR A, an Individual under the age of 18 by Patricia Ybarra her legal guardian,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; a municipal corporation; MONTEREY COUNTY SHERIFF'S OFFICE; a municipal corporation; Monterey County Investigator JORGE GUTIERREZ; Monterey County Investigator JOHN FERRERIA; Monterey County Investigator ROY DIAZ; Monterey County Investigator STEVEN GUIDI; Monterey County Investigator PETER AUSTEN; Monterey County Sherriff's Deputy LLOYD FOSTER; and Monterey County Sheriff's Deputy, KRIS KNOTT,<br><br>Defendants. | Case No.  5:15-cv-02454 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re:  Dkt. 43 |

This civil rights action arises out of the execution of a search warrant at plaintiffs' home. Defendants were investigating claims of corruption within the King City Police Department relating to a scheme to illegally obtain private person's vehicles.  As part of that investigation, the subject search warrant was obtained to search plaintiffs' house for a particular vehicle (said to be in the garage) and the keys to that vehicle.  In sum, plaintiffs claim that defendants overstepped their bounds and conducted an illegal search and seizure, used excessive force, and unlawfully

detained plaintiffs and damaged their property. Among other things, plaintiffs allege that defendants pointed their gun at plaintiff Minor A (plaintiff Patricia Ybarra's minor daughter), made intimidating and threatening statements, searched the garage and the home (going through papers and documents, and searching bookshelves and cabinets), and continued to search through plaintiffs' personal effects and paperwork even after completing the search for the car and keys. Defendants deny any wrongdoing.

The First Amended Complaint (the operative pleading)[1] asserts claims for (1) violation of plaintiffs' Fourth Amendment rights, 42 U.S.C. § 1983; (2) false arrest/false imprisonment; (3) violation of the California Bane Act (Cal. Civ. Code § 52.1 and § 51.7); (4) civil conspiracy to violate civil rights and commit torts; and (5) negligence.

At issue in Discovery Dispute Joint Report (DDJR) No. 1: Whether defendants should be permitted to conduct an inspection of plaintiffs' home.[2] This court is told that defendants served plaintiffs with a request that they "be allowed to inspect the premises located at 262 Nantucket Way, King City, California to video tape and/or photograph said premises at time of inspection. Said inspection is to include the front yard, interior, back yard, and garage of the property." (Dkt. 43, DDJR No. 1 at 8). Defendants say that they will endeavor to complete the inspection, along with an evidence technician and a canine handler, within 2 hours and at a time when plaintiff Minor A is at school. Plaintiffs dispute the relevance of the inspection and object to its apparently unlimited scope. They also argue that the requested inspection is unduly intrusive of their privacy and express concern that there could be differences in the way the home appears now than it did in 2014 when the incident occurred.

Upon consideration of the parties' respective arguments, this court denies defendants' request, but will permit discovery of the premises as proposed by plaintiffs. Defendants have not sufficiently demonstrated how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied. They say that the inspection is being requested based on plaintiffs'

---

[1] Shortly after this discovery report was filed, plaintiffs' filed their amended complaint pursuant to a stipulation and order, apparently for the purpose of including some additional defendants.

[2] The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b).

allegations and depositions, arguing that their testimony raises issues as to the accuracy of plaintiffs' memory and their credibility.  But, they fail to explain why that is so.  Instead, they make broad, generic assertions that the requested inspection is relevant to an understanding of the layout of the house and to plaintiffs' credibility.  This court is unpersuaded that defendants' proposed inspection---including an evidence technician and a canine handler (whose presence and purpose are unexplained)---is proportional to the needs of the case.

Defendants are not aided by their reliance on Investors Mortgage Ins. Co. v. Dykema, 586 F. Supp. 666, 669 (D. Or. 1984).  Dykema was an equitable action brought by a mortgage insurance company, seeking a property inspection for the purpose of performing an appraisal, which would be used as evidence in a main action concerning alleged inflated property appraisals.  In that case, the inspection was allowed, in part, because there was no dispute that the requested appraisal was vital to the outcome of the main action and could not be obtained by any other means.  Id. 668-69.

Nevertheless, the court will permit discovery as suggested by plaintiffs:   Defendants may photograph the outside of the home, on a date and at a time agreeable to plaintiffs.  Plaintiffs shall provide photographs of the inside of the home, as well as a layout of the home.  Except as otherwise provided by this order, defendants' request for an inspection is denied.[3]

SO ORDERED.

Dated:   October 19, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants assert that plaintiffs are agreeable to an inspection of the front hall and kitchen, to be videotaped, for up to 10 minutes.  However, plaintiffs say they made that offer as a compromise, solely to attempt to resolve this matter without seeking the court's intervention.

5:15-cv-02454-EJD Notice has been electronically mailed to:

Michael Rudolph Philippi     PhilippiMR@co.monterey.ca.us, moores@co.monterey.ca.us, zinmanK@co.monterey.ca.us

Ryan M. Thompson     rthompson@hurleylaw.com, epeabody@hurleylaw.com, mbrenkwitz@hurleylaw.com

Steven Michael Berki     sberki@boglawyers.com, jeff@kallislaw.com, lmurphy@boglawyers.com, nmartinez@boglawyers.com, otrouard@boglawyers.com, rgagliasso@boglawyers.com

Susan K. Blitch     blitchsk@co.monterey.ca.us, mcmillincb@co.monterey.ca.us, moores@co.monterey.ca.us, zinmank@co.monterey.ca.us

Vincent P. Hurley     vphurley@hurleylaw.com, epeabody@hurleylaw.com, mbrenkwitz@hurleylaw.com